UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. THOMPSON,

Petitioner,

v.

PAUL SCHRIEBER,

Respondent.

Case No. 26-12149
Honorable Shalina D. Kumar

## ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner Michael A. Thompson ("Petitioner") filed a successive petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Because Petitioner has not received preauthorization to file a successive petition, the case must be transferred to the Court of Appeals.

**I.**

In 2008, Petitioner was convicted of first-degree criminal sexual conduct and other offenses following a jury trial in the Calhoun Circuit Court. Following state appellate proceedings, Petitioner filed a petition for writ of habeas corpus with this Court. The petition was denied on the

merits. *See Thompson v. Rapelje*, No. 12-cv-10781 (E.D. Mich. March 25, 2015); aff'd 839 F. 3d 481 (6th Cir. 2016); cert. den. 581 U.S. 978 (2017). Petitioner subsequently filed permission to file a second or successive petition for writ of habeas corpus in 2020, but the Sixth Circuit denied authorization under 28 U.S.C. § 2244(b). *See In re Thompson*, No. 20-1723, 2021 U.S. App. LEXIS 1285 (6th Cir. January 15, 2021).

Petitioner's current habeas petition asserts that the jury instructions were erroneous, there was a defect in the warrant, the complaint did not adequately provide him with notice of the charges and penalties, and that his appellate counsel was ineffective for failing to raise the foregoing claims in the state courts. ECF No. 1, PageID.5-11.

## II.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v.*

*Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3));

*Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because this is a successive federal habeas petition filed under § 2254, and because Petitioner failed to obtain preauthorization from the court of appeals, this Court is without jurisdiction. Where, as here, a habeas petitioner files a successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

## III.

Accordingly, the Clerk of Court is **DIRECTED** to transfer the petition to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: July 22, 2026                            United States District Judge